## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          No. CR 05-0469 JB

RAMON ANAYA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Notice of Appeal of Magistrate Judge's Order of Release, filed March 18, 2005 (Doc. 39). The Court held a hearing on this matter on March 28, 2005. The primary issue is whether the Court should affirm, reverse, or modify the Magistrate Judge's Order of Release. Because the Court believes that Defendant Ramon Anaya has overcome the statutory presumption that no conditions of release will assure his appearance and the safety of the community, and because the United States has not persuaded the Court that there is substantial risk of nonappearance or that Anaya is a danger to the community, the Court will affirm the Order of Release issued by Honorable Alan C. Torgerson, United States Magistrate Judge.

### PROCEDURAL BACKGROUND

A federal grand jury issued an Indictment charging Anaya with violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), which carries a mandatory minimum sentence of ten years to life. Following Anaya's arrest pursuant to a warrant, Judge Torgerson entered a Temporary Order of Detention Pending Hearing Pursuant to Bail Reform Act on March 17, 2005. <u>See</u> Doc. 14. Anaya's detention

hearing took place on March 18, 2005, at which Judge Torgerson determined that Anaya overcame the rebuttal statutory presumption that he is a flight risk and a danger to the community, and concluded that the Court could fashion conditions of Anaya's release.

After adopting the Pre-Trial Services' report findings, Judge Torgerson set the following conditions, directing that Anaya must: (i) post a $20,000.00 property bond; (ii) report to Pre-Trial Services as directed; (iii) maintain or actively seek employment; (iv) restrict travel to Bernalillo County unless otherwise authorized by Pre-Trial Services; (v) not make contact with any witness or co-Defendants in this case or any related case; (vi) not possess any firearms, destructive devices, or other dangerous weapons; (vii) not possess or use alcohol or any controlled substance except substances which a licensed physician prescribes; and (viii) submit to random drug and alcohol testing, treatment and/or counseling as Pre-Trial Services directs. See Order Setting Conditions of Release at 1-2, filed March 18, 2005 (Doc. 55). The United States, pursuant to 18 U.S.C. § 3145(a)(1), appeals Judge Torgerson's Order of Release.

## LAW REGARDING DISTRICT COURT REVIEW OF DETENTION ORDERS

In United States v. Cisneros, 328 F.3d 610 (10th Cir. 2003), the Tenth Circuit spelled out the "two avenues through which a release or detention order can be reconsidered prior to review on appeal by a court of appeals:" reconsideration under § 3142(f) and review by the presiding district judge under §§ 3145(a) and (b). 328 F.3d at 614. Review by the presiding district judge does not require that new information be available. See id. Only new, material information justifies reconsideration under § 3142(f) and "the same judicial officer who entered the initial order" must hear the reconsideration. United States v. Cisneros, 328 F.3d at 614. This straightforward reading of the statute serves the salutary purpose of preventing "judge shopping" by either party and prevents

magistrate judges from being placed in the uncomfortable position of second-guessing their fellow magistrate judges, or district judges of second-guessing magistrates with information that the magistrates did not have.

A rebuttable presumption of both dangerousness and risk of flight arises when: (i) a defendant is charged with a felony drug offense that carries a maximum term of imprisonment of ten years or more; and (ii) the judicial officer finds probable cause to believe that the defendant committed the offense charged.  See 18 U.S.C. § 3142(e).  Although the burden of persuasion regarding risk of flight and dangerousness remains with the government, the burden of production shifts to the defendant.  See United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  The defendant must produce some evidence to rebut the presumption in favor of detention.  See id. at 1355.  But even if the defendant meets the burden of production, the presumption remains a factor for consideration by the court.  See id.

"The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo."  United States v. Cisneros, 328 F.3d at 616 n.1.

## ANALYSIS

The United States pursues review of the Order of Release under § 3145(a)(1).  The Court conducted a de novo review of this matter and, after listening to the audiotape of the proceedings before Judge Torgerson, conducted its own hearing on March 28, 2005.  At the hearing, Anaya presented sufficient evidence to rebut the presumption that no conditions of release will assure his appearance and the safety of the community.  Moreover, the United States has not persuaded the Court that Anaya is a flight risk or a danger to the community.  Accordingly, the Court will affirm the order of release that Judge Torgerson issued.

The Court first considered the offense's nature and circumstances.  The United States charges Anaya with a drug offense, which it supports primarily with transcripts it obtained through wire taps.  Thus, the evidence against Anaya is difficult to weigh, and the Court's review of the evidence for purposes of determining whether to detain Anaya rests primarily on the person's history and character.

At the hearing, Anaya offered evidence, through his counsel and through testimony of his wife, Ms. Aracely Anaya, that Anaya has long ties to New Mexico, having resided in the Albuquerque area for approximately eighteen to twenty years.  See Transcript of Hearing at 23:5 - 25:24; id. at 28:5 - 32:25.[1]  Most of his family resides in the area, and Anaya has a long-standing relationship with his wife, who testified on his behalf at the hearing.  See id.  The children produced during their matrimony are all United States citizens.

Anaya, while not a United States' citizen, is a legal resident in this country.  Moreover, there is a strong correlation between what Anaya told Pre-Trial Services and the testimony given by Ms. Anaya at the hearing.  See id. at 28:5 - 32:25.  Although there are some slight inconsistencies, the evidence demonstrates that they have long ties to their current address and to their legal residency in Albuquerque.  An additional assurance that Anaya is not a flight risk is that he and his wife are constructing a new home and offered a $20,000.00 property bond on this land.

Although there is some question of the legitimacy of Anaya's concrete business, based on the evidence before the Court, the business seems to be a legitimate business, even though it is only marginally profitable.  Unlike many of the defendants this Court sees before it, Anaya is a legal

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any finalized transcript may contain slightly different page and/or line numbers.

resident.  During the time in which he has lawfully resided in this country, Anaya has been profitably employed, has run his own business, and appears to have been engaged in legitimate activities.

From the record before it, Anaya's ties to Mexico are not easy to ascertain.  Anaya's ties to the United States, however, outweigh all possible evidence in the record indicating ties to Mexico -- such as a recent trip to Mexico that Anaya did not mention, a sister living in Mexico, and telephone conversations referring to Mexico.

The Court concludes that, based on this evidence, Anaya has met its burden of production and has offered sufficient evidence to rebut the statutory presumption that he is a flight risk and endangers the community.  Moreover, the United States has not persuaded the Court that there is a substantial risk of nonappearance or that Anaya is a danger to the community.  Thus, the Court will affirm the Magistrate's Order of Release.  The conditions prescribed in the Order of Release demonstrate that conditions are available which minimize the risk of nonappearance.  Accordingly, the Court adopts Judge Torgerson's Order of Release and the conditions set thereunder.[2]

**IT IS ORDERED** that the Magistrate's Order of Release subject to the conditions set forth in the Order Setting Conditions of Release (Doc. 55) is affirmed.

_____
UNITED STATES DISTRICT JUDGE

---

[2] On July 5, 2005, Anaya's Pre-Trial Services' Officer informed the Court that Anaya, as of this date, is in full compliance with all conditions set forth in his Order of Release.  This strengthens the Court's conclusion that the conditions prescribed in the Order of Release minimize the risk of Anaya's nonappearance and that Anaya does not present a danger to the community.

*Counsel*:

David Iglesias
   United States Attorney
Erlinda O. Johnson
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Naomi Salazar
Serapio L. Jaramillo
Albuquerque,  NM

      *Attorneys for the Defendant*