IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                                              No. CR 05-0469 JB

RANDY CORRAL,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Reconsideration of Judgment and Sentence, filed January 24, 2006 (Doc. 235). The primary issue is whether the Court has the power and authority to reconsider a sentence it gave Defendant Randy Corral on December 9, 2005. Because the Court lacks the power to change Corral's sentence, the Court will deny his motion.

## FACTUAL BACKGROUND

Aspen Masonry employs Corral. See Letter from Jim Griffin to Honorable James O. Browning, United States District Judge, at 1 (dated January 19, 2006). In correspondence to the Court, Jim Griffin, the owner of Aspen Masonry, states that Corral is a valued employee and that his company "count[s] on [Corral] heavily to help manage over thirty employees. . . ." Id. From the record before the Court, it appears that Corral is gainfully employed. See id.

## PROCEDURAL BACKGROUND

Corral represents that, before being indicted in this case, Corral had never been arrested and had no prior criminal history. See Motion for Reconsideration at 1. Corral was arrested on March

17, 2005.  See id.  Subsequently, the United States filed a Superseding Information charging Corral with violating 21 U.S.C. § 843(b), Use of a Communication Facility in Committing a Drug Offense as Enumerated in 21 U.S.C. § 846.  See Information at 1, filed September 9, 2005 (Doc. 141).  That same day, Corral entered into a plea agreement pursuant to rule 11 of the Federal Rules of Criminal Procedure and pled guilty to the offense listed in the Superseding Information.  See Plea Agreement at 2, filed September 9, 2005 (Doc. 144); Plea Minute Sheet at 1, filed September 9, 2005 (Doc. 145).

The United States Probation Office presented the Court with a Presentence Investigation Report, Type One.  Under the heading "Factors That May Warrant Departure," the Probation Office stated that they had "reviewed the [D]efendant's personal and family responsibilities; however, they do not appear to warrant a departure."  See Presentence Investigation Report at 36.

Corral's counsel spoke with the United States' counsel, David Martinez, and the United States expressed its opposition to this motion.  See Motion for Reconsideration at 3.  Corral moves the Court, pursuant to the Federal Rules of Criminal Procedure, for re-consideration of his judgment and sentence filed on December 9, 2005.  See id.  He requests that the Court continue his third-party release and reconsider his eighteen-month sentence.  See id.  Corral attaches three letters to his motion:  (i) Letter from Reverend Ruben Guajardo Jr., the pastor of the Casa Del Rey church in Albuquerque, New Mexico (dated January 16, 2006); (ii) Letter from Jim Griffin, owner of Aspen Masonry of Albuquerque, New Mexico, Corral's employer (dated January 19, 2006); and (iii) Letter form Guy Garcia, the soccer coach to whom Corral is an assistant coach (undated).

## LAW REGARDING SENTENCING AND RECONSIDERATION OF SENTENCES

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States

recently held that the federal Sentencing Guidelines are no longer mandatory, but are advisory. See id. at 245. The sentencing court must still consider the Guidelines ranges in imposing a sentence, but it may now "tailor the sentence in light of other statutory concerns as well." Id. at 245-46. The United States Court of Appeals for the Tenth Circuit recently articulated that, in light of the Guidelines' goal of uniformity of sentences for offenders with similar criminal histories and offenses, "a sentence that is properly calculated under the Guidelines is entitled to a rebuttable presumption of reasonableness." United States v. Kristl, 437 F.3d 1050, 2006 U.S. App. LEXIS 3817, at *7-8 (10th Cir. 2006)(per curiam). The United States or the defendant may rebut this presumption by demonstrating that the Guidelines sentence is unreasonable when viewed against 18 U.S.C. § 3553(a)'s enumerated factors. See id. at 8.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). As the Tenth Circuit explains:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(citations and footnote omitted).[1]

---

[1] Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

Rule 35 of the Federal Rules of Criminal Procedure authorizes the district court to reduce or correct a sentence in certain situations. See Fed. R. Crim. P. 35 (2004). Under rule 35(a), "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Under subsection (b), a court may "reduce a sentence for substantial assistance" in certain situations "upon the government's motion." Id. at 35(b)(emphasis added).

Moreover, rule 36 allows a court, at any time, to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Id. at 36.

In United States v. Blackwell, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case, the defendant, who received an initial sentence of fifteen months imprisonment, moved the court for a resentencing, because "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." Id. The court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." Id. at 947. In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority. . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35[.]" Id.

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36 or its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." United States v. Blackwell, 81 F.3d at 949. The Tenth Circuit held first that the only option under § 3582 applicable to that case was whether rule 35 granted the court authority to modify the defendant's sentence. See

id. at 948.  Rule 35(a) did not apply "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later."  Id. at 948 (discussing then rule 35(c)).  The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence."  Id. at 948.

## ANALYSIS

Corral requests that the Court reconsider its judgment and sentence.  See Motion for Reconsideration at 3.  Corral argues that the United States, by incarcerating him, would be deprived of the fruits of his labor, including taxes paid to the government for services rendered to Aspen Masonry.  See id. at 2.  Corral also argues that incarceration will prevent him from paying child support and that his children will become temporary wards of the state.  See id.

Corral argues that, during his third-party release to his wife, he has steadily improved his position and has created momentum that the Court should consider.  See id.  He argues that, had Corral been charged under the same offense under the New Mexico law, quoted below, Corral would be eligible for a conditional discharge.  See id. at 2-3.

> A. If any person who has not previously been convicted of violating the laws of any state or any laws of the United States relating to narcotic drugs, marijuana, hallucinogenic or depressant or stimulant substances, is found guilty of a violation of Section 23 [30-31-23 NMSA 1978], after trial or upon a plea of guilty, the court may, without entering a judgment of guilty and with the consent of the person, defer further proceedings and place him on probation upon reasonable conditions and for a period, not to exceed one year, as the court may prescribe.
>
>     \* \* \* \*
>
> C. If during the period of his probation the person does not violate any of the conditions of the probation, then upon expiration of the period the court shall discharge such person and dismiss the proceedings against him. . . .

N.M.S.A. 1978 § 30-31-28(A), (C).

Regardless whether the arguments would justify a deviation from the Guidelines sentence, they do not justify reconsideration of a sentence given more than three months ago. Without inherent authority to modify a sentence, the Court can do so only pursuant to statutory authorization. See United States v. Mendoza, 118 F.3d at 709. The Court may modify a sentence under 18 U.S.C. § 3582(c). See United States v. Blackwell, 81 F.3d at 947-48. None of the three situations outlined in § 3582(c), however, apply in Corral's case. First, the Director of the Bureau of Prisons has not moved for a reduction of the sentence under § 3582(c)(1)(A). Second, Corral is not alleging an "arithmetical, technical, or other clear error" in his sentence under rule 35(a); he argues instead that he should be given a lower sentence because of his work and family situations. Nor has the United States moved to lower Corral's sentence for substantial assistance pursuant to rule 35(b). Finally, Corral does not seek relief because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as allowed by § 3582(c)(2).

Corral cites to no other statutory authorization authorizing the Court to alter his sentence. Without such authorization, the Court cannot change his sentence.

**IT IS ORDERED** that the Defendant's Motion for Reconsideration of Judgment and Sentence is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Rudolph B. Chavez
Albuquerque, New Mexico

    *Attorneys for the Defendant*