# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                     No. CR 05-0469 JB

MARIANO FALCON,

    Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on the Sentencing Memorandum on Behalf of Mariano Falcon, filed January 27, 2006 (Doc. 236). The primary issue is whether the Court should grant a downward departure because Falcon's criminal history is over represented and he is entitled to 18 U.S.C. § 3553(f)'s safety valve provision, or grant a deviation that reflects a more reasonable sentence in light of 18 U.S.C. § 3553's sentencing factors. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will deny Falcon's request and sentence him to the low end of his Guidelines range, or seventy-eight months.

## PROCEDURAL BACKGROUND

      Falcon and his nineteen year old brother, along with eight other codefendants, are before the Court for their involvement in a large scale heroin offense. See Presentence Investigation Report ("PSR") at 4-6. The Court notes that the Falcons' father was convicted of a drug offense in federal court in 2001 and received a seventy-month imprisonment sentence. See id. at 35.

      Falcon was on an unsupervised probation at the time he committed this offense, which was involvement in a conspiracy to distribute and possession with intent to distribute 100 grams and more

of a mixture and substance containing a detectable amount of heroin. See id. at 1, 31. Falcon represents that he otherwise was in the process of complying with all the terms of his state sentence on the DWI case at the time of his arrest. See Sentencing Memorandum at 6.

Falcon accepted a plea agreement which contains a stipulation that the base offense level is thirty. See Plea Agreement at 3, filed July 19, 2005 (Doc. 117). This stipulation is based on the quantity of heroin for which Falcon is being held responsible. See id. at 3-4. The PSR based its recommended Guidelines sentence on this stipulation and establishes Falcon's Guidelines range at seventy-eight to ninety-seven months. See PSR at 27. There is a five-year mandatory minimum for this offense. See 21 U.S.C. § 841(b)(1)(B). Instead of having one criminal history point for a DWI conviction, the Probation Office has added two more points because Falcon committed this offense while he was on the DWI probation. See PSR at 30-31.

Falcon filed a sentencing memorandum that he contends sets forth all the factors that the Court should consider in determining what sentence and what length of sentence is sufficient, but not greater than necessary, to comply with the statutory directive set forth in 18 U.S.C. § 3553(a). Specifically, Falcon requests that the Court sentence him to the mandatory minimum – a sixty-month sentence. See Sentencing Memorandum at 1. Falcon argues that, if the Court does not follow the advisory Guidelines sentence and accepts Falcon's request for a safety valve determination, he will receive two points down from the offense level, which will result in an offense level of twenty-five. See id. at 6.

With a resulting criminal history category of one point, Falcon represents that his Guidelines sentence range would be fifty-seven to seventy-one months. See id. Accordingly, imposing a sentence of sixty months, as Falcon requests, falls within that Guidelines range. See id. Falcon states

that, if the Court wanted to impose the minimum sentence in line with an offense level of twenty-five, the minimum sentence that the Court could impose would be sixty months.  See id.

## SENTENCING GUIDELINES

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States declared the Guidelines to be advisory.  See United States v. Kristl, 437 F.3d 1050, 1053 (10th Cir. 2006).  While nullifying the Sentencing Reform Act's mandatory portions, the Supreme Court left intact a sentencing court's discretion to consider virtually any information for the purpose of imposing an appropriate sentence, including "information concerning the defendant's life and characteristics." United States v. Magallanez, 408 F.3d 672, 684 (2005)(citing Williams v. New York, 337 U.S. 241, 247 (1949)), cert. denied, 126 S. Ct. 468 (2005).  Just as it was "[b]oth before and under the Guidelines," so too is it today after Booker: "[F]acts relevant to sentencing have generally been found by a preponderance of the evidence."  United States v. Magallanez, 408 F.3d at 684 (citing United States v. Watts, 519 U.S. 148, 155 (1997)).

Although the Guidelines are now only advisory, the United States Court of Appeals for the Tenth Circuit has held that "district courts are still required to consider Guideline ranges, which are determined through application of the preponderance standard, just as they were before.  The only difference is that the court has latitude, subject to reasonableness review, to depart from the resulting Guideline range."  United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005)(citing United States v. Magallanez, 408 F.3d at 685).  The Court must also consider all of the factors listed in 18 U.S.C. § 3553(a).  See United States v. Terrell, 445 F.3d 1261, 2006 U.S. App. LEXIS 9961, at *10 (10th Cir. 2006).

Section 4A1.3 provides: "If reliable information indicates that the defendant's criminal history

category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." A defendant who is subject to a mandatory minimum qualifies for a "safety valve" if he meets the requirements of § 3553(f). United States v. Tolase-Cousins, 440 F.3d 1237, 1244 (10th Cir. 2006). The safety valve makes the defendant eligible for a Guidelines sentence, instead of the mandatory minimum, if:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act [21 USCS § 848]; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f).

## **ANALYSIS**

The Court will deny Falcon's request for a departure and for a deviation. Falcon's criminal history category does not substantially over-represent the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. Also, Falcon is not eligible for

a safety valve determination because he has more than one criminal history point. Finally, the Court will not grant a deviation from the Guidelines range.

## I. FALCON'S CRIMINAL HISTORY CATEGORY DOES NOT SUBSTANTIALLY OVER-REPRESENT THE SERIOUSNESS OF HIS CRIMINAL HISTORY OR THE LIKELIHOOD THAT HE WILL COMMIT OTHER CRIMES.

Although Falcon's arguments center on the safety valve and a deviation under Booker, at one point Falcon appears to request a downward departure because of over-representation of Falcon's criminal history category: "And its [sic] obvious that the Defendant's criminal history is over represented due to the fact that he was simply on an unsupervised probation at the time this offense occurred." Sentencing Memorandum at 6. Because Falcon was on probation for a DWI offense, two points were added to his criminal history score. See PSR at 31. If Falcon is arguing that his criminal history category of II over-represents his criminal history or the likelihood that he will commit other crimes because it reflects that two-point bump, the Court is unconvinced. Falcon's criminal history reflects convictions for crimes, such as reckless driving and driving while intoxicated, that make his criminal history score appropriate. Based on his criminal record, the Court cannot say that a criminal history score of three and a criminal history category of II substantially over-represent either his criminal past or his possible criminal future.

## II. FALCON IS NOT ELIGIBLE FOR THE SAFETY VALVE.

Falcon requests that the Court impose a sentence consistent with the safety valve mechanism. Because it is unclear whether Falcon is requesting that his Guidelines sentence be calculated in accordance with the safety valve or is requesting the Court deviate from the Guidelines, the Court will first determine if Falcon is eligible for the safety valve under the Guidelines.

Falcon's offense, Conspiracy to Distribute and Possession with Intent to Distribute 100 Grams

and More of a Mixture and Substance Containing a Detectable Amount of Heroin, carries with it a mandatory minimum of five years. See 21 U.S.C. § 841(b)(1)(B). Section 3553(f)'s safety valve makes a defendant eligible for a Guidelines sentence, instead of the mandatory minimum, if he meets certain conditions, including that the defendant does not have more than 1 criminal history point. Here, Falcon has three criminal history points, rendering him ineligible for the safety valve. **III.**

## **THE COURT WILL NOT DEVIATE FROM THE GUIDELINES.**

Falcon also argues for what amounts to a deviation from his Guidelines sentencing range of seventy-eight to ninety-seven months. See Sentencing Memorandum at 5-6. Falcon represents that, without the extra two points he received for committing this offense while he was on the DWI probation, his Guidelines sentencing range would be fifty-seven to seventy-one months. See id. at 6. Falcon asks that the Court sentence him to sixty months, which would be within the latter sentencing range while still tracking the mandatory minimum. See id.

The Court will impose a Guidelines sentence. The Court has considered the Guidelines and other sentencing goals. Falcon has been convicted six times as an adult, and he is still a relatively young man. He's also been arrested six other times, and it appears that he has a current pending proceeding in addition to this one. His life story reveals a man that, so far, has been regularly associated with criminal conduct. At age 16 the police were dispatched to West Mesa about a possible fight involving a baseball bat, and the police found papers in his car associated with a gang called "MLC13." When he was 18, he was cited for traffic violations with alcohol on his breath. In 2000, he was arrested for shooting from a vehicle and the police had to use force to stop that vehicle. Although he was not the driver, he was in the vehicle. Later that year, he was investigated for battery against a girlfriend. At age 19, he had a reckless driving conviction, and had an open bottle of

whiskey and beer cans in the vehicle; he did not appear for sentence on one occasion before sentencing. At age 21, he was convicted of a DWI count and refused to take the Breathalyzer at the scene.

Reviewing this history, the Court cannot attribute all of it to his addictions to controlled substances. Instead, Falcon has problems obeying the law. Further, a Guidelines sentence will allow Falcon to take part in, assuming that Falcon is eligible and chooses to participate, the Bureau of Prisons' 500 hour drug and alcohol treatment program, based on the Court's recommendation. In light of this conclusion, and Falcon's need for drug treatment and the judiciary's need to impose uniform sentences, the Court believes that a Guidelines sentence is appropriate and reasonable. The Court has considered the kinds of sentences and range that the Guidelines establish. The Court believes that a sentence of 78 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and protects the public. In particular, the Court finds that the most important factors counseling in favor of a Guidelines sentence are the seriousness of the offense, protecting the public from further crimes by Falcon, and affording adequate deterrence to criminal conduct. The Court believes this sentence fully reflects each of § 3553(a)'s factors. This sentence is sufficient without being greater than is necessary to comply with the purposes of the punishment set forth in the Sentencing Reform Act. The Court will therefore deny Falcon's request and sentence him to the low end of the Guidelines range, or seventy-eight months.

**IT IS ORDERED** that Falcon's request for a departure or deviation is denied. The Court imposes a sentence of 78 months.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE

*Counsel:*

David Iglesias
  United States Attorney
    for the District of New Mexico
Damon Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Michael V. Davis
Albuquerque, New Mexico

      *Attorney for the Defendant*